United States District Court
District of Connecticut
FILED AT   NEW HAVEN
December 19, 2022
Dinah Milton Kinney, Clerk
By_____
Deputy Clerk

## United States District Court
## District of Connecticut

### STANDING ORDER – SOCIAL SECURITY CASES

This Order shall apply only to civil actions under the Social Security Act brought

by an individual Plaintiff seeking district court review of a final administrative decision of

the Commissioner of Social Security (hereinafter "Commissioner") pursuant to 42

U.S.C. § 405(g).[1]

This order shall apply to civil actions filed on or after December 1, 2022. Unless

otherwise ordered by the Court, the parties shall adhere to the deadlines set forth in this

Order.

I. Commencing an Action. To commence an action under 42 U.S.C. § 405(g) to review

a final administrative decision of the Commissioner, the Plaintiff shall file a complaint

with the Court. The filing, contents, and service of the complaint is governed by Rules 2

and 3 of the "Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g)."

The complaint must state either the Plaintiff's full Social Security Number or the

Beneficiary Notice Control Number provided by the Commissioner.

    a. Contents and form of complaint. Use of the model "Complaint for Review of

Social Security Administration Decision" that appears on the Court's website is sufficient

to satisfy the requirements for the content of the complaint. If the model is not used, the

complaint must contain at least the same content as the model. The complaint must not

include any attachments or evidence, nor may it include argument.

---

[1] This Rule shall not apply to any other action, for example (1) actions that include claims against the Commissioner of Social Security in addition to, or other than, those brought pursuant to 42 U.S.C. § 405(g); (2) actions that include multiple plaintiffs or a class action; or (3) actions that include defendants other than the Commissioner of Social Security.

b.  After 7 months from the filing of the complaint, if there is no action by either party, a Local Rule 41(a) notice will issue.

II.  Commissioner's Response to Complaint

a.  The Commissioner's response to the complaint is governed by Rule 4 of the "Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g)," provided that if the Commissioner files a motion under Civil Rule 12 in response to the complaint, the Plaintiff must respond within 30 days of the filing of such a motion.

b.  Commissioner's Appearance. Counsel for the Commissioner must file a notice of appearance prior to responding to the complaint.

c.  Redaction. The Certified Administrative Record and all other filings are exempt from any redaction requirements. Access to those documents is governed by Fed. R. Civ. P. 5.2(c) and 5.2(d).

d.  Defects. If a party discovers a material omission from, improper submission within, or other similar defect in the Certified Administrative Record, the party must promptly notify the opposing party. When appropriate, the Commissioner will file a supplemental or amended Certified Administrative Record. In such circumstances, the briefing deadlines set out in this Order may be re-calculated as circumstances warrant. If the omission or other defect cannot be cured by filing a supplemental or amended Certified Administrative Record within 60 days from the date the Commissioner is notified, the Commissioner will file a motion to remand.

III.  Briefing Requirements

a. The Plaintiff must file and serve a Motion to Reverse the Decision of the Commissioner, accompanied by a brief, within 30 days after the filing of the Certified Administrative Record <u>or</u> 30 days after entry of an order disposing of the last remaining motion filed under Rule 4(c) of the "Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g)", whichever is later.

b. The Plaintiff's brief shall set forth such facts as the Plaintiff believes are material to the adjudication of the claim. Any fact set forth shall be supported by specific page citation to the Certified Administrative Record. The Plaintiff's brief shall include a statement of the Plaintiff's legal arguments and the support for them. The Plaintiff's brief shall not exceed 40 pages.

c. The Commissioner must file and serve a Motion to Affirm the Decision of the Commissioner, accompanied by a brief, within 30 days after the filing of the Plaintiff's brief.

d. The Commissioner's brief shall conform to the requirements set forth above for the Plaintiff's brief, except that a statement of facts need not be included unless the Commissioner is dissatisfied with the Plaintiff's factual recitation. The Commissioner's brief shall not exceed 40 pages.

e. The Plaintiff's reply brief, if any, must be limited to responding to the Commissioner's brief, must be filed within 14 days of the date of the filing of the Commissioner's brief and may not exceed 10 pages.

f. Citations and Exhibits. All arguments must include citations to the Certified Administrative Record page number and not to the docket page number created by the CM/ECF system upon filing of the Certified Administrative Record, and to the relevant

legal authority for each argument. Materials, including unpublished cases or agency policies, that are publicly available, including through online resources such as Westlaw or Lexis, need not be attached as exhibits when Plaintiff is represented by counsel.

g. Motions for Extensions of Time. Subject to the provisions of Local Rule of Civil Procedure 7(b)(3), either party may move for a first Extension of Time to file the party's dispositive motion and brief, for a period not to exceed 30 days without a showing of good cause, provided the consent of the opposing party is obtained. All other Motions for Extension of Time must be filed in accordance with Local Rule of Civil Procedure 7(b).

h. Page Limits. Parties must obtain leave of the Court to exceed the page limits identified in this Order. A motion for leave to exceed the page limits must be filed in accordance with Local Rule of Civil Procedure 7(a)(5) and must set forth good cause justifying the granting of such leave. If the Court grants such a request for the Plaintiff's brief, the Commissioner will automatically receive the same page-length enlargement for the Commissioner's brief.

i. Failure to Comply. The Court, on its own initiative or upon the motion of either party, may strike without prejudice any document that does not comply with this Order. If the Court strikes a party's brief, the party whose brief was struck must, within fourteen calendar days, re-file a brief that complies with the Court's order and this Standing Order. Failure to re-file in such circumstances will ordinarily be deemed to constitute sufficient grounds to deny the underlying Motion.

IV. <u>Motions for Remand</u>. If the Commissioner files a motion for remand for further administrative action, the Commissioner must state whether the Plaintiff consents to the remand. If the Plaintiff has not given consent, the Plaintiff must file an objection within 14 days of the filing of the Commissioner's motion or the Court will assume that the Plaintiff consents to remand. Any deadlines pending when such a motion is filed will be held in abeyance while the Court considers the motion and objection, if any.

V. <u>Form and Content of Motions and Supporting Briefs</u>. All motions and briefs filed with the Clerk shall meet the following requirements:

    a. All text in the body of the document must be double-spaced, except that text in block quotations and footnotes may be single-spaced.

    b. Extensive footnotes and block quotations may not be used to circumvent page limitations.

    c. Documents must have one-inch margins on all four sides.

    d. Pages must be consecutively numbered.

    e. Consistent with the Electronic Filing Order in Social Security Cases, all documents filed electronically, including the copy of the Administrative Record, must be filed in OCR text searchable PDF format.

VI. <u>Fees and Costs</u>

    a. Petitions or motions for attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

        i. Petitions or motions for fees and expenses under the EAJA are governed by the requirements and procedures set forth in that Act.[2] Unless stipulated, a petition or

---

[2] Prior to the filing of a petition under the EAJA, the Plaintiff is encouraged to contact the Commissioner to attempt to reach an agreement by Stipulation.

motion for fees and expenses under 28 U.S.C. § 2412(d) should not be filed before the judgment at issue is final and not appealable. If any petition or motion for fees and expenses is filed before the judgment at issue is final and not appealable, it will be deemed filed on the first day after the appeal period has run. Any petition or motion for fees and expenses shall be filed no later than 30 days after the expiration of the appeal period. Defendant must file any objection to a petition or motion for fees and expenses under the EAJA in accordance with Local Rule 7. A stipulation, petition or motion for fees and expenses under the EAJA must satisfy the requirements of 28 U.S.C. § 2412(d)(1)(B).

ii. Should a petition or motion for fees under EAJA be filed before the judgment at issue is final and not appealable, and should the Commissioner appeal the judgment of the Court, the Plaintiff shall withdraw the petition or motion forthwith.

iii. If the parties stipulate to an award of fees and/or expenses under the EAJA, a stipulation may be filed in resolution of a petition or motion (if already filed) or in lieu of a petition or motion for fees and/or expenses, provided that such Stipulation satisfies the requirements of 28 U.S.C. § 2412(d)(1)(B). Where a previous motion has been filed, it is sufficient for counsel to incorporate by reference the information contained in the previous filings to satisfy the requirements of 28 U.S.C. § 2412(d)(1)(B). Such stipulation shall also provide that under the circumstances of the case, the United States does not contest the Plaintiff's position with respect to the issue of substantial justification.

b. Requests for costs under 28 U.S.C. §§ 1920 and 2412(a).

i. Requests for costs under 28 U.S.C. §§ 1920 and 2412(a) must be separately itemized from attorney's fees and expenses sought under 28 U.S.C. § 2412(d). If the parties stipulate to an award of costs and fees and are filing a Stipulation as set forth above, an award of costs may be included in the Stipulation.

SO ORDERED.

Dated at Hartford, Connecticut this 19th day of December 2022.

/s/ Michael P. Shea
Michael P. Shea
Chief United States District Judge